UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

CIVIL ACTION NUMBER: 5:17-cv-196-TBR

WINIFRED N. SAYLOR PLAINTIFF

v. **COMPLAINT**

CIGNA GROUP INSURANCE DEFENDANT
 SERVE: CT Corporation System
 306 W. Main Street, Suite 512
 Frankfort, KY 40601

 Comes now the Plaintiff, Winifred Nan Saylor, by counsel, and for her complaint states as follows:

 1. This action arises under the Employee Retirement Income Security Act of 1974 [29 USC Section 1001 et. Seq.] (ERISA) and more particularly § 502 (a) (1) (B) and § 502 (c) of said Act [29 USC Section 1132 (a) (1) (B), § 1132 (e).

 2. The Plaintiff is and was at all times relevant herein mentioned, an adult citizen of the State of Kentucky whose mailing address is 1723 Reed Road Benton, Marshall County KY 42025.

 3. The Plaintiff was employed from April of 1998, to May 9, 2014, as a social services representative for FirstSource Solutions, also known as FIRSTSOURCE GROUP USA, INC AND ITS SUBSIDIARES.

 4. The Plaintiff, through her employer, was at all times relevant herein, covered by Group Insurance Long-Term Disability Plan (heretofore referred to as the "Plan") administered by Defendant, CIGNA Group Insurance and funded through a group

insurance policy with CIGNA Group Insurance and underwritten by Life Insurance Company of North America.

5. The Defendant, CIGNA Group Insurance is a foreign corporation licensed to do business in the Commonwealth of Kentucky, with a registered agent for service of process as CT Corporation System.

6. The court also has jurisdiction over this matter pursuant to 28 USC § 1332, in that the matter in controversy is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Defendant's Plan, is qualified employee's pension or retirement plan under the Internal Revenue Code of 1954, as amended, and an employee pension plan within the meaning of 29 USC § 1002 (2) (A) and § 1002 (35).

8. On or about April of 1998, the Plaintiff became employed by FIRSTSOURCE GROUP USA, INC AND ITS SUBSIDIARES, and remained continuously employed under the terms of the plan until May 9, 2014, when Plaintiff ceased her employment with FIRSTSOURCE GROUP USA, INC AND ITS SUBSIDIARES, due to her inability to perform her necessary job functions. She has been unable to return to her unemployment.

9. On or about November 2014, Plaintiff applied for Group Disability Benefits under the Defendant's plan based upon her physical and mental or psychiatric condition.

10. Plaintiff's application was initially approved by the Defendant and Plaintiff received long term disability benefits under the Plan until her benefits were stopped by the Defendant on November 5, 2016. Plaintiff timely and appropriately appealed the denial

of her benefits on several occasions pursuant to the Plan. Plaintiff's last denial notification was dated October 18, 2017 and she received same shortly thereafter. The Plaintiff has exhausted all of her administrative remedies regarding her long term disability claim under the Plan and the Defendant has closed the record.

11. Benefits due are vested under the Pension Plan, and Plaintiff has complied with all such conditions in order to receive such disability benefits.

12. The Defendant failed to properly consider evidence offered by Plaintiff establishing that the Plaintiff is, due to injury or sickness, unable to perform the material duties of any occupation which she is reasonably qualified .

13. The Defendant failed to provide Plaintiff with the opportunity for a full and fair review of her claim and further failed to timely provide the necessary information required for accurate notice in violation of 29 USC Section 1133.

14. The above mentioned decision of the Defendant denying Plaintiff benefits due under the terms of the Pension Plan was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law, and in violation of ERISA.

15. As the direct and proximate result of the actions of the Defendant, Plaintiff has incurred costs and attorney's fees in an amount not currently known to Plaintiff.

16. As the direct and proximate result of above actions of the Defendant, Plaintiff has lost benefits in an amount not known in full to Plaintiff, but such loss approximates the amount of benefits due under the terms of the Plan for each month since November 5,

2016, and this amount the Plaintiff will continue to sustain each month until the benefits are paid in full.

17. The Plaintiff has submitted to the Defendant in support of her claim for disability benefits under the Plan, substantial and compelling evidence of her disability. The Plaintiff has submitted medical records and statements from treating physicians which specifically verify in great detail her incapacity, and the medical reasons therefor.

18. Defendant had no legitimate or logical reason for refusing to pay Plaintiff's valid claim under the Plan.

19. Defendant's intentional refusal to pay Plaintiff's valid claim under the Plan was a breach of the Plan and of the implied-in-law duty of good faith and fair dealing and operated to unreasonably deprive Plaintiff of the benefits of the Plan.

WHEREFORE, the Plaintiff requests relief against the Defendant as follows:

1. An order requiring the above Defendant to pay Plaintiff all long term disability benefits accrued and unpaid to the date of this judgement;

2. An order for Defendant to designate Plaintiff as an eligible participant under the Plan and to Pay Plaintiff a monthly pension in appropriate amount under the Plan henceforth;

3. Plaintiff be awarded attorney fees and costs of this action and such other relief as deemed appropriate;

4. All other relief for which she may be entitled.

_Donald E. Bray_ (signature)

Donald R. Green, Jr.
Law Offices of Donald R. Green, Jr.
5120 Village Square Drive, Suite 105
Paducah, KY 42001
Telephone:   (270) 443-8992
Facsimile:   (270) 408-4530
Email:   drglawyer@juno.com

Attorney for Plaintiff